UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------x
OTIS MILLER,

              Plaintiff,

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

             Defendant.
---------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-845-FB

*Appearances:*
*For the Plaintiff*:
JOSEPH A. ROMANO, ESQ.
Law Officers of Joseph A. Romano
1776 Eastchester Road, Suite 210
Bronx, New York 10461

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Otis Miller seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. Both parties move for judgment on the pleadings. Miller requests a remand for further proceedings and the Commissioner seeks a dismissal of this action. For the reasons below, Miller's motion is denied, the Commissioner's motion is granted.

I

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial

1

evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotations and citations omitted).

### A. Step 5

Plaintiff's only argument is that the ALJ erred at step five.[1] At step five, the ALJ determined Miller could perform the jobs of: dealer accounts investigator, school bus monitor, routing clerk, parking enforcement officer, and sales attendant.

Miller argues that the ALJ's decision incorrectly states that these jobs only require occasional handling and fingering. While the Commissioner admits that the jobs of sales attendant, routing clerk, and parking enforcement officer require frequent handling, the ALJ's error in including them was harmless. *See Blake v. Colvin*, No. 2:14-CV-52, 2015 WL 3454736, at *8 (D. Vt. May 29, 2015) ("[A]ssuming the ALJ erred regarding [one particular] job, the error is harmless

---

[1] Social Security Administration regulations establish a five-step process for evaluating disability claims. A claimant is disabled if the ALJ determines
> (1) that the claimant is not working, (2) that [s]he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in [her] prior type of work, [and] (5) there is not another type of work the claimant can do.

*See Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)–(f)).

because the VE testified to two other jobs existing in significant numbers in the national economy that [plaintiff] could perform.").

Miller does not contest that the jobs of dealer accounts investigator and school bus monitor are sufficient. *See Bavaro v. Astrue*, 413 F. App'x 382, 384 (2d Cir. 2011) ("[t]he Commissioner need show only one job existing in the national economy that [plaintiff] can perform."). As such, the ALJ properly found two jobs that exist in significant numbers in the national economy that Miller can perform.[2]

### III

Miller's motion is DENIED, Commissioner's motion is GRANTED.

**SO ORDERED.**

                                          /S/ Frederic Block
                                          FREDERIC BLOCK
                                          Senior United States District Judge

February 27, 2020
Brooklyn, New York

---

[2] Miller also argues that his increase in age since the ALJ's decision requires remand as he is now an "older individual" under the Medical Vocational Rules. At step five, "an ALJ must consider [claimant's] chronological age in combination with [his RFC], education, and work experience." *Polyak v. Berryhill*, No. 17-CV-0215, 2018 WL 6418298 at *4 (W.D.N.Y. Dec. 6, 2018); *Woods v. Colvin*, 218 F.Supp.3d 204, 209 (W.D.N.Y. 2016) ("If a claimant's age is 'borderline' and the ALJ fails to consider whether the higher age category should be used, remand is warranted so long as a higher age category would entitle the claimant to benefits").
    Miller turned 55 years old on March 28, 2017 and the ALJ's decision came out on September 2, 2016. While no bright-line rule sets the outer limits of "borderline," the Court determines that the almost seven-month period here is not "borderline." *See Polyak*, 2018 WL 6418298 at *5 (borderline where claimant was within four months of higher age category); *Russell v. Bowen,* 856 F.2d 81, 84 (9th Cir.1988) (seven months not borderline).